IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 82038-9-I |
| Respondent, | DIVISION ONE |
| v. | |
| TIMOTHY MORRIS, | UNPUBLISHED OPINION |
| Appellant. | |

CHUN, J. — At sentencing, the trial court ordered Timothy Morris to pay $320,000 in restitution. After Morris repeatedly failed to produce documentation needed to assess his financial situation, the court ordered him to Electronic Home Detention (EHD). The court later terminated the order after Morris provided more documentation. Even so, Morris appeals, contending that the trial court abused its discretion by ordering EHD. The State responds that the appeal is moot because the court terminated the order. For the reasons discussed below, we agree with the State and dismiss the appeal as moot.

## I. BACKGROUND

In 2008, Morris pleaded guilty to securities fraud, first degree theft, and money laundering. At sentencing, the trial court ordered Morris to pay Charles Monaco, the victim of his crimes, $320,000 in restitution. The court put the clerk's office in charge of collecting restitution payments.

Citations and pin cites are based on the Westlaw online version of the cited material.

On November 9, 2018, the court held a review hearing after Morris stopped paying the required $100 per month in restitution. Defense counsel claimed that Morris often worked "side jobs," implying that made it difficult to predict his income and make consistent payments. At the end of the hearing, the court ordered restitution payments of $25 per month.

The clerk's office made numerous attempts to establish a payment schedule and requested administrative financial review hearings. But Morris's refusal to cooperate and produce adequate financial documentation led to several more court hearings.

At a review hearing on October 1, 2019, the trial court gave Morris four weeks to provide the requested financial records to the clerk's office at an administrative hearing. The court emphasized to Morris that it was not trying to punish Morris for his inability to pay, saying, "If you're truly indigent, I don't have a problem with that . . . the law is not going to put you in jail if you're truly indigent." Rather, the court emphasized that it needed an accurate picture of his financial situation.

At a hearing on October 29, 2019, Alycia Luke from the clerk's office testified that she had made numerous attempts to schedule an administrative review hearing to collect and review Morris's financial documentation, to no avail. She described Morris's demeanor as generally "argumentative. . . . aggressive, not forthcoming with his information." The information he did provide was often incomplete and gave little insight into his finances or employment status. The

court found that Morris violated its October 1 ruling and ordered Morris to provide financial records within 48 hours. The court again noted it did not want to sanction Morris if he was indigent, but it would sanction him for failure to produce records. Morris did not comply with the court's order.

At a review hearing on November 5, 2019, Morris submitted several documents purporting to outline his financial situation. But these documents included half-torn receipts for nominal purchases like peanuts and parking. The court noted Morris's continued and deliberate failure to provide information and it scheduled a review hearing on the matter for a month later.

At a review hearing on December 3, 2019, Luke testified that the clerk's office could not verify the information Morris provided at the November hearing and Morris had not provided more information since. The court remanded Morris to custody for 14 days and increased the required restitution payment to $500 per month.

Finally, on October 7, 2020, Luke testified that the clerk's office never "fully received every documentation that we've required" and Morris had failed to consistently pay the ordered $500 per month. Morris testified that he was paying to the best of his ability and could probably afford to pay somewhere between $100 to $150 per month.

The court found Morris's statements "not credible" and determined that the State had provided information and evidence beyond a reasonable doubt that Morris had not met the court's orders to provide complete financial records. The

court ordered Morris to EHD until he provided satisfactory financial records. On the written order, the court checked the boxes for "[f]ailing to pay legal financial obligations as required" and "[f]ailing to comply with a full and truthful financial declaration as ordered by the court" as the basis for its order. In the order, the court said that while Morris's ability to pay the restitution amount maybe debatable, "his repeated failures to produce his financial records and evasive answers . . . constitute clear violations of this court's many prior orders." The court conditioned Morris's release from EHD on his compliance with the orders to provide "full financial records" including "tax records, full copies of all bank records, . . . full documentation of all his living expenses, a copy of his lease and full copies of all utility bills" to the clerk's office.

On December 11, 2020, the trial court held a review hearing after Morris submitted more documentation. Luke testified that the documents Morris provided still did not provide a full picture of Morris's finances. Yet three days later, the court entered an order terminating the EHD and setting the restitution payment at $100 per month. The court held no more hearings. Morris appeals the order placing him under EHD.

## II. ANALYSIS

The State says this appeal is moot because the trial court terminated the EHD order in December 2020, and so this court can grant no effective relief.[1]

---

[1] In its opening brief, the State also says that the public interest exception to the mootness doctrine does not apply here. Under this exception, we may review a moot case if it presents issues of continuing and substantial public interest. See State v. Gelinas, 15 Wn. App. 2d 484, 488, 478 P.3d 638 (2020). In determining whether a case so presents, we consider three primary factors: (1) if the dispute is public or private;

4

Morris does not address the issue of mootness in his opening brief nor does he submit a reply brief. We conclude that this appeal is moot.

A case is moot if we can no longer provide effective relief. State v. T.J.S.-M., 193 Wn.2d 450, 454, 441 P.3d 1181 (2019). In general, when a case involves only moot questions or abstract propositions, we should dismiss the appeal. State v. B.O.J., 194 Wn.2d 314, 320–21, 449 P.3d 1006 (2019).

This appeal is moot because the trial court terminated Morris's order for EHD in December 2020, almost a year ago.[2] Thus, we can no longer grant any effective relief. Morris does not allege that the EHD order is still in effect. In fact, as the State points out, since the termination of the EHD order, Morris has complied with the court's financial records requirements, and the court held no

---

(2) whether an authoritative determination of the question would provide future guidance to public officers; and (3) the likelihood of the question recurring. Id. As Morris does not address mootness, he does not contend that this exception applies. Thus, we do not address this issue. But it appears that the exception does not apply here.

[2] Even if the appeal were not moot, the trial court appears to have acted within its discretion. See State v. Dalseg, 132 Wn. App. 854, 862, 134 P.3d 261 (2006) (applying the abuse of discretion standard of review to sentencing violation orders). RCW 9.94A.6333(2) governs failures to comply "with any of the nonfinancial conditions or requirements of a sentence." To impose sanctions for violating nonfinancial conditions, the statute requires that the court find that the State proved noncompliance by a preponderance of the evidence. RCW 9.94A.6333(2) provides that if a court finds noncompliance, it may impose sanctions specified in RCW 9.94A.633(1), including EHD. Morris repeatedly obstructed Luke's efforts to investigate his financial condition. His obstructions ranged from outright refusals to provide information to providing insufficient information that could not be verified.

Morris says insufficient evidence showed that he willfully refused to pay restitution. But the trial court's order is unambiguous in its intention to sanction Morris for his failure to produce adequate financial documentation, not for failure to pay. Granted, in its EHD order, the court checked the boxes for "[f]ailing to pay legal financial obligations as required" and "[f]ailing to comply with a full and truthful financial declaration as ordered by the court." But the language of the order itself demonstrates that the court sanctioned Morris for "his repeated failures to produce his financial records and evasive answers . . . regarding his financial status."

further review hearings.  Morris provided financial documentation to the court's satisfaction, and the court lowered the restitution payment to $100 per month.

We dismiss the appeal as moot.

_____ Chun, J.

WE CONCUR:

_____     _____ Dwyer, J.